Azeem v. Holder

BIA
A095 956 988

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of October, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>      *Circuit Judges.*

_____

MUHAMMAD AZEEM, AKA AZEEM MUHAMMAD,
       *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

10-3069-ag
NAC

_____

FOR PETITIONER:     Usman B. Ahmad, Long Island City, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Kathryn Moore, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Muhammad Azeem, a native and citizen of Pakistan, seeks review of a June 30, 2010, decision of the BIA denying his motion to reopen his removal proceedings.[*] *In re Muhammad Azeem*, No. A095 956 988 (B.I.A. June 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Azeem's motion to reopen as untimely. *See id*. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C). Azeem concedes that his motion, filed in March 2010, was untimely, because the BIA issued a

_____

[*]Although Azeem titled his motion a "motion to reconsider," the BIA construed it as a motion to reopen. Azeem does not challenge this aspect of the BIA's decision.

-2-

final order of removal in October 2008. *See id.*

Furthermore, the BIA did not err in concluding that Azeem failed to submit material evidence of changed country conditions as required to warrant consideration of his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Azeem argues that his evidence demonstrated increased violence against Shia Muslims throughout Pakistan. As the BIA found, however, almost all of the evidence Azeem submitted pertained to attacks on Pakistani government, police, and military targets, rather than Shia Muslims. Because this evidence did not relate to the treatment of Shia Muslims, which was the basis of Azeem's fear of persecution, the BIA did not err in concluding that it was not material to his claim. *See Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir. 2006).

Although Azeem submitted one article reporting an attack against Shia Muslims, as the BIA observed, this article noted that "[e]xtremist Sunnis and Shiites have targeted each other's leaders in violence that dates from well before the 2001 terrorist attacks in the United States." The article thus implies that the incident did not reflect a change in conditions for the Shiite minority in Pakistan, but rather a continuation of conditions that had prevailed since before Azeem's 2006 hearing. Accordingly, the BIA reasonably

-3-

concluded that Azeem did not show a material change in country conditions sufficient to excuse the untimely filing of his motion.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
